IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY | : : : : | CIVIL ACTION |
| v. | : : : | No. 11-6116 |
| SHEINMAN PROVISION CO. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                 July 27, 2012

This is an ERISA case, 29 U.S.C. § 1001, *et seq.* Jurisdiction is federal question. 28 U.S.C. § 1331.

Plaintiffs, the Trustees of the Teamsters Pension Trust Fund of Philadelphia and Vicinity, commenced this action against defendant Sheinman Provision Co. alleging withdrawal liability under Sections 502(g)(2) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(e), in the amount of $255,762.91. On June 14, 2012, summary judgment was entered in favor of plaintiffs and against defendant. See June 14, 2012 order, docket no. 16. The order included an award of interest on the principal amount, reasonable costs and attorneys fees. Id. On June 20, 2012, plaintiffs filed their "Motion for Interest, Attorney's Fees and Costs." Docket no. 17.[1] For the following reasons, the motion will be granted and

---

[1] Defendant did not file any opposition to the motion.

plaintiffs will be awarded interest of $8,312.29 and attorney's fees and costs of $7,766.00.

"Section 4301(b) of ERISA provides that the failure of an employer to to make a timely withdrawal liability payment should be treated in the same manner as delinquent contributions. 29 U.S.C. § 1451(b). [ ] Section 502 of ERISA requires a district court to award interest, liquidated damages, and reasonable attorney's fees and costs when a plan successfully enforces a demand for delinquent payments. 29 U.S.C. § 1132(g)(2)." Anker Energy Corp. v. Consolidation Coal Co., 177 F.3d 161, 179 (3d Cir. 1999). These awards are mandatory. Id. n.9 (citations omitted).

*Interest*

According to the "Declaration of Matthew D. Areman, Esquire," appended to plaintiffs' motion, interest on the withdrawal liability awarded - $255,762.91 - calculated from the date of default of June 27, 2011, at the rate of 3.5% is $8,312.29.[2]

*Attorneys' Fees*

Section 502 of ERISA requires an award of attorneys' fees where a defendant has been found in violation of Section 515. Penn Elastic Co. v.

---

[2] This is the rate established by the Pension Benefit Guaranty Corp. See 29 CFR § 4219.32(b).

United Retail & Wholesale Employees Union Local 115 Joint Pension Plan, 792 F.2d 45, 48 (3d Cir. 1986) ("[A]ttorney's fees are mandatory, not discretionary when a pension plan prevails in an action for withdrawal liability payments.") The starting point for calculating the reasonableness of the attorney's fees requested is the lodestar. Hahnemann Univ Hosp. v. All Shore, Inc., 514 f.3d 300, 310 (3d Cir. 2008), citing UAW Local 259 Soc. Sec. Dept. v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007) ("Under the lodestar approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate.")

"Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." Rode v. Dellarciprete, 892 F.2d 1177, 1183) (3d Cir. 1990).  Here, plaintiffs submitted the Declaration of Matthew D. Areman, Esquire, an associate at Markowitz & Richman, who represented plaintiffs throughout this action. Mr. Areman's fee was $300 per hour.  His firm specializes in labor and employment law, and his fee, which is somewhat high, appears reasonable. See Carpenters Pension & Annuity Plan v. Grosso, No. 07-5013, 2009 WL 2431340, at *7 (E.D. Pa., Aug. 6, 2009) (hourly rate for associate of $230 was reasonable in ERISA case).

"A request for fees must be accompanied by 'fairly definite information

as to hours devoted to various general activities, *e.g.*, partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." UAW Local 529, 501 F.3d at 291 (citations omitted). Here, Mr. Areman's affidavit includes approximately 33 entries that provide a narrative description of the task performed and the amount of time, billed in one-tenth of an hour increments. All of the work was performed by Mr. Areman. See Declaration. These descriptions contain information sufficient to assess whether the time spent was appropriate. None of the entries appears inflated or unnecessary. Counsel's representation included preparation of pleadings, settlement efforts, and preparation of a motion for summary judgment. In these circumstances, the number of hours worked - 24.60 - is reasonable.

In addition to $7,380 in fees, plaintiffs request costs - for filing fees and photocopying - of $386. These costs appear necessary and reasonable.

For these reasons, plaintiffs' motion for interest and attorneys' fees will be granted. An order accompanies this memorandum.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.